1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| IN RE BANC OF CALIFORNIA, INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. SA CV 19-621-DMG (DFMx) |
| | (Consolidated with Case Nos. SA CV 19-1152-DMG (DFMx) and SA CV 19-05488-DMG (DFMx)) |
| This Document Relates To: | |
| ALL ACTIONS. | PRELIMINARY APPROVAL ORDER [110] |

This matter came before the Court for a hearing on September 24, 2021. Plaintiffs have made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("Settlement") of shareholder derivative claims, in accordance with the Stipulation of Settlement dated August 20, 2021 (the "Stipulation"); and (ii) approving the form and manner of the Notice of the Settlement.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to, a proposed Settlement and dismissal of the above-captioned stockholder derivative action, titled *In re Banc of California, Inc. Stockholder Derivative Litigation*, Lead Case No. SA CV 19-621-DMG (DFMx) (the "Action"), with prejudice;

WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Stockholder Derivative Settlement together with the accompanying Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Banc of California, Inc. ("Banc") and appears to be the product of serious, informed, non-collusive negotiations; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Banc stockholders should be apprised of the Settlement through the proposed form of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

1.     This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

2.     This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3.     A hearing shall be held on December 17, 2021 at 10:00 a.m., before the undersigned judge at the United States District Court for the Central District of California, United States Courthouse, 350 West 1st Street, Courtroom 8C, 8th Floor, Los Angeles, California 90012 (the "Settlement Hearing"), at which the Court will determine:  (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice fully satisfies the requirements of Rule 23.1 of the Federal Rule of Civil Procedure and the requirements of due process; (iii) whether all Released Claims should be fully and finally released; (iv) the amount of attorneys' fees and expenses to be paid to Plaintiffs' Counsel; and (v) such other matters as the Court may deem appropriate.

4.     The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5.     By October 8, 2021, Banc shall cause the Stipulation of Settlement and Notice to be filed with the SEC along with an SEC Form 8-K or other appropriate filing, and Banc shall publish the Summary Notice one time in the national edition of *Investors' Business Daily*.  Banc shall also publish the SEC filing with attachments on the Company's website until the judgment becomes Final.

6.     All costs incurred in the filing and publication of the Notice and Summary Notice shall be paid by Banc or its insurance carriers, and Banc shall undertake all administrative responsibility for the filing and publication of the Notice and Summary Notice.

7. By October 26, 2021, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, publishing, and posting the Notice and Summary Notice as provided for in paragraph 5 of this Preliminary Approval Order.

8. Upon Final Approval of the Settlement, all Banc stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Banc stockholders.

9. Pending final determination of whether the Settlement should be approved, Plaintiffs and Banc stockholders shall not commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

10. Any Banc stockholder who owned Banc common stock as of the Execution Date of the Stipulation and who continues to hold their Banc common stock as of the date of the Settlement Hearing may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the requested fees and expenses or service awards should not be awarded. However, no Banc stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that Banc stockholder has caused to be served on counsel as noted below, written objections which: (i) state the name, address, and telephone number of the objector and, if represented by counsel, the name, address, and telephone number of the objector's counsel; (ii) are signed by the objector; (iii) contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and if the objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identity of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the hearing; and (iv) include

1  documentation sufficient to show that the objector owned shares of Banc common stock as
2  of August 20, 2021, and contain a statement that the objector continues to hold such shares
3  as of the date of filing of the objection and will continue to hold those shares as of the date
4  of the Settlement Hearing.

5       11.    By November 19, 2021, any such person must serve such materials to each of
6  the following Parties' counsel:

| Counsel for Plaintiffs: | Counsel for Defendants: |
|---|---|
| Ashley R. Rifkin<br>ROBBINS LLP<br>5040 Shoreham Place<br>San Diego, CA 92122<br>Telephone: (619) 525-3990<br>Facsimile: (619) 525-3991<br>E-mail: arifkin@robbinsllp.com | Mark R. McDonald<br>MORRISON AND FOERSTER LLP<br>707 Wilshire Boulevard Suite 6000<br>Los Angeles, CA 90017-3543<br>Telephone: (213) 892-5200<br>Facsimile: (213) 892-5454<br>E-mail: mmcdonald@mofo.com |
| Willem F. Jonckheer<br>SCHUBERT JONCKHEER<br>  &amp; KOLBE LLP<br>Three Embarcadero Center,<br>Suite 1650<br>San Francisco, CA 94111<br>Telephone: (415) 788-4220<br>Facsimile: (415) 788-0161<br>E-mail: wjonckheer@sjk.law<br><br>*Co-Lead Counsel for Plaintiffs* | *Counsel for Nominal Defendant Banc of California, Inc.*<br><br>John Spiegel<br>John Gildersleeve<br>MUNGER TOLLES & OLSON LLP<br>350 South Grand Avenue<br>50th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 683-9100<br>E-Mail: John.Spiegel@mto.com<br>           John.Gildersleeve@mto.com<br><br>*Counsel for Defendant John Grosvenor*<br><br>Robert A. Sacks<br>SULLIVAN & CROMWELL LLP<br>1888 Century Park East<br>Los Angeles, CA 90067-1725<br>Telephone: (310) 712-6640<br>Facsimile: (310) 712-8800<br>E-Mail: sacksr@sullcrom.com<br><br>*Counsel for Defendant Chad T. Brownstein*<br><br>Roman E. Darmer |

Robert M. Tiefenbrun
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: rdarmer@jonesday.com
       rtiefenbrun@jonesday.com

*Counsel for Defendants Robert D. Sznewajs, Jonah F. Schnel, Halle J. Benett, Richard J. Lashley, Douglas Bowers, and Jeffrey Karish*

12. Only stockholders who have sent to the Parties' counsel valid and timely written notices of objection will be entitled to be heard at the hearing unless the Court orders otherwise.

13. Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, the attorneys' fees and expenses awarded, and/or any service awards to Plaintiffs, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

14. Plaintiffs shall file their motion for final approval of the Settlement and the requested attorneys' fees and expenses by October 29, 2021. Defendants shall file and serve papers, if any, in opposition to the requested attorneys' fees and expenses by November 19, 2021. Plaintiffs shall file a response to any opposition and/or objection(s) by December 3, 2021. Plaintiffs shall file a copy of any objection(s) with their response.

15. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of this Stipulation.

16. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Banc stockholders.

17.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Parties or Released Persons, or of the validity of any Released Claims; or (ii) is intended by the Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

18.     The Court reserves:  (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Parties consistent with such Settlement, without further notice to Banc stockholders; and (ii) the right to continue or adjourn the Settlement Hearing from time to time or by oral announcement at the hearing or at any adjournment thereof, without further notice to Banc stockholders.

**IT IS SO ORDERED.**

DATED:  September 27, 2021

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE