JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BANC OF CALIFORNIA, INC. STOCKHOLDER DERIVATIVE LITIGATION<br>Defendants.<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. CV 19-621-DMG-DFMx<br><br>(Consolidated with Case Nos. 19-cv-1152 and 19-cv-05488)<br><br>ORDER AND FINAL JUDGMENT |

1    This matter came before the Court for hearing on December 17, 2021, to consider final approval of the proposed settlement ("Settlement") set forth in the Amended Corrected Stipulation and Agreement of Settlement dated September 27, 2021, and the exhibits thereto (the "Stipulation").  The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement.  Good cause appearing therefor, the Court enters this Judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Parties to the Action.

3. The Court finds that the Notice provided to Banc of California, Inc. ("Banc") stockholders constituted the best notice practicable under the circumstances.  The Notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

4. The Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Parties, and further finds that the Settlement is in the best interests of Banc and its stockholders.

5. The Action and all claims contained therein, as well as all of the Released Claims against Released Persons, are dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided below.

6. Upon the Effective Date, Plaintiffs' Released Persons shall fully, finally and forever release, relinquish and discharge as against Defendants' Released Persons any and all of Plaintiffs' Released Claims, defined as all actions, suits, claims, demands, rights, liabilities, and causes of action of every nature, and description whatsoever, including both known claims or Unknown Claims, that have been, could have been, or in the future

can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding by Banc, Plaintiffs' Released Persons, or any current or former Banc stockholder derivatively on behalf of Banc of California, against any of Defendants' Released Persons, based upon, arising out of, or related to the allegations, facts, transactions, events, occurrences, acts, disclosures, statements, representations, omissions, or failures to act relating to all matters involved, set forth, referred to, or alleged in any complaint(s) filed in the Derivative Actions or the Demand Letters; *provided however*, that "Released Claims" shall not include any claims to enforce the Settlement.  For the avoidance of doubt, "Released Claims" does not include any claims by any Defendant against Steven Sugarman related to the litigation filed in Los Angeles Superior Court captioned *Sugarman et al. v. Benett, et al.*, L.A.S.C. Case No. 19STCV36697.  Plaintiffs' Released Persons shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all of Plaintiffs' Released Claims against Defendants' Released Persons.

   7. Upon the Effective Date, Defendants' Released Persons shall fully, finally, and forever release, relinquish, and discharge as against Plaintiffs' Released Persons any and all of Defendants' Released Claims, and shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all of Defendants' Released Claims against Plaintiffs' Released Persons.

   8. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

   9. The Court hereby approves the sum of $1,285,157.01 for the payment of Plaintiffs' Counsel's attorneys' fees and expenses in the Action ("Fee and Expense Amount"), and finds that the Fee and Expense Amount is fair and reasonable.  No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement.  The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

10. The Court hereby approves the service awards of $2,000 for each of the Plaintiffs to be paid from Plaintiffs' Counsel's Fee and Expense Amount in recognition of Plaintiffs' participation and effort in the prosecution of the Action.

11. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Parties or any other Person as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Parties or Released Persons, or of the validity of any Released Claims; or (b) is intended by the Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

12. The Released Persons may file the Stipulation and/or the Judgment, and file or reference acts performed or documents executed pursuant to or in furtherance of the Stipulation and/or the Judgment: (i) in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (ii) in furtherance of the Settlement contemplated in the Stipulation; and (iii) in any action to enforce the Settlement.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation. If for any reason the Effective Date does not occur, or if the Stipulation is in any way canceled, terminated or fails to become Final in accordance with its terms, then: (a) all Parties and Released Persons shall be restored to their respective positions in the Action as of the Execution date of the Stipulation; (b) all releases delivered in connection with the Stipulation shall be null and void, except as otherwise provided for in the Stipulation; (c) the Fee and Expense Amount paid to Plaintiffs' Counsel shall be refunded and returned within fifteen (15) calendar days of

receiving notice from Defendants or from a court of appropriate jurisdiction; and (d) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by a Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action, or in any other action or proceeding.  In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose.

14. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Stipulation and Settlement in all respects, and orders the Parties to perform its terms to the extent the Parties have not already done so.

15. This Judgment is a final judgment, and the Court finds that no just reason exists for delay in entering the Judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED:  December 17, 2021

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE